## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592    :
PENSION FUND, et al.    :
   :
           Plaintiffs    :     CIVIL ACTION
    v.    :     NO. 02-CV-4715
   :
NET CONSTRUCTION, INC. and    :
CHRISTOPHER COLLETTI    :
   :
   :
           Defendants    :

## MOTION FOR JUDGMENT BY DEFAULT BY THE COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2) AGAINST DEFENDANTS NET CONSTRUCTION, INC. AND CHRISTOPHER COLLETTI

Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"), Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera"), (IAP, PAC, Union, Fera and Funds, jointly, "Plaintiffs") by their legal counsel, respectfully move this Court, pursuant to Fed. R. Civ. Pro. 55(b)(2) to enter default judgment in favor of Plaintiffs and against Net Construction, Inc. ("Company" or "Net") and Christopher Colletti ("Colletti" and jointly with Company, "Defendants") for unpaid contributions, unpaid wages, liquidated damages, interest under Fund Rules and Regulations and ERISA and attorneys' fees and costs incurred by the Funds pursuant to 29 U.S.C. §§1132(g)(2)(A)-(D), and order Company to cooperate in a contribution compliance audit. Plaintiffs also request an injunction requiring

113569-1

timely payment of continuing contribution obligations.

In support of this Motion, Plaintiffs rely upon the allegations in their Complaint, the Declaration of Anthony DiSabato,[1] the Declaration of Michael Fera[2] and the Declaration of Shelley R. Goldner, Esquire[3].

The grounds for this Motion are as follows:

1.  Prior to the commencement of this action, the Funds attempted to resolve this delinquency in an amicable manner.

2.  Despite efforts at an amicable resolution, requested payments were not received and requested audit information was not provided.

3.  On July 17, 2002, the Complaint in this matter was filed.

4.  The Complaint was served on Defendants on November 23, 2002, as appears from the Affidavits of Service filed with the Court.

5.  No Answer to the Complaint has been filed by the Defendants.

6.  On January 8, 2003, Plaintiffs filed a Request to Clerk to Enter Default against Defendants pursuant to Fed.R.Civ.Pro. 55(a) and mailed a copy first class mail, postage prepaid to Defendants.  Default was entered on January 10, 2003.

7.  Defendants are not an infants or incompetent persons and are not in the Military Service.

**WHEREFORE**, Plaintiffs seek the following relief:

(a) Judgment entered as set out in the proposed Order and Judgment attached to this Motion.

---

[1]  The Declaration of Anthony DiSabato ("DiSabato Declaration") is attached to this Motion as Exhibit 1. Pertinent parts of the document referred to in the DiSabato Declaration is attached to this Motion as Exhibit 2.

[2]  The Declaration of Michael Fera ("Fera Declaration") is attached to this Motion as Exhibit 3. The documents referred to in the Fera Declaration are attached as Exhibit 4.

[3]  The Declaration of Shelley R. Goldner ("Goldner Declaration") is attached to this Motion as Exhibit 5. The document referred to in the Goldner Declaration is attached to this Motion as Exhibit 6.

(b)    Such other and further relief as the Court deems just, necessary and appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY:    _s/Shelley R. Goldner_____
SANFORD G, ROSENTHAL (ID NO. 38991)
SHELLEY R. GOLDNER (ID NO. 32896)
JENNINGS SIGMOND, P.C.
510 Walnut Street
Philadelphia, PA  19106-3683
(215) 351-0611/0644
Attorneys for Plaintiffs

Dated: April 28, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592   :
PENSION FUND, et al.   :
   :
           Plaintiffs   :   CIVIL ACTION
   v.   :   NO. 02-CV-4715
   :
NET CONSTRUCTION, INC. and   :
CHRISTOPHER COLLETTI   :
   :
   :
           Defendants   :

## MEMORANDUM OF LAW IN SUPPORT PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(b) AGAINST DEFENDANTS NET CONSTRUCTION, INC. AND CHRISTOPHER COLLETTI

Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"), Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera") (IAP, PAC, Union, Fera and Funds jointly, "Plaintiffs"), by their legal counsel, file this Memorandum in Support of their Motion for Judgment by Default.

Defendant Net Construction, Inc. ("Company" or "Net") is party to a collective bargaining agreement ("Labor Contract") with Cement Masons' Union Local No. 592, (DiSabato

113569-1

Declaration, ¶7)[1]. Defendant Christopher Colletti ("Colletti" and jointly with Net, "Defendants") is President of Net and an employer within the meaning of 43 P.S. §260.2a.

The Labor Contract provides for the payment of contributions to the Funds for time worked by or paid to employees who perform work covered by the terms and conditions of the Labor Contract (DiSabato Declaration, ¶7 and Exhibit 2).

The Labor Contract also requires that these contributions must be received by the Funds no later than the tenth (10th) day of the month following the month in which the work was performed (Exhibit 2, Article XIII, p. 16.). Failure to make these contribution, or to submit either incorrect or late remittance reports, results in a delinquency to the Funds.

Additionally, the Labor Contract requires Company to produce upon request all books and records necessary to conduct an audit concerning the Company's contribution obligations to the Funds.

The Funds records reveal that the Company has not submitted fringe benefit contributions required by the Labor Contract (DiSabato Declaration, ¶8). Further, the Company has not submitted all of the contractually-required remittance reports and refuses to submit to an audit of its books and records (DiSabato Declaration, ¶8). Additionally, Defendants owe $2,410.32 in unpaid wages as required by the Labor Contract. The work was performed in May 2002 by Union members William Blue and George Bradley (Fera Declaration,¶8).[2] Paychecks issued to these Union members were returned for insufficient funds. Under the Labor Contract, an Employer must pay a $25.00 fee to each employee for each paycheck that cannot be cashed or

---

[1] The Declaration of Anthony DiSabato ("DiSabato Declaration") is attached to the Motion as Exhibit 1. The Document referred to in the DiSabato Declaration is attached to the Motion as Exhibit 2.

[2] The Declaration of Michael Fera ("Fera Declaration") is attached to the Motion as Exhibit 3. The documents referred to in the Fera Declaration are attached to the Motion as Exhibit 4.

is returned due to insufficient funds. (Exhibit 2, Article VIII, §3, p.13). Defendants owe $100.00 for four (4) checks returned to these employees. Defendants are responsible for liquidated damages of $1,000.00 under 43 P.S.§260.10.

Defendants are also responsible for attorneys' fees and costs incurred in the collection of unpaid wages under 43 P.S. §260.9a.

Prior to commencement of this lawsuit, the Funds notified Defendants of this delinquency and attempted to resolve the matter amicably. Defendants failed to submit the requested payments and have refused to permit a contribution compliance audit. As a result, this lawsuit was instituted against Defendants on July 17, 2002. Service of the Complaint and Summons was made on Defendants on November 23, 2002.

Defendants did not file an Answer or other responsive pleading within 20 days of service, and on January 8, 2003, Plaintiffs filed a Request to the Clerk to Enter Default pursuant to Fed. R. Civ. Pro. 55(a).

## ARGUMENT

### A.    ENTRY OF JUDGMENT AGAINST COMPANY FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE

The Company is party to a collective bargaining agreement ("Labor Contract") with Cement Masons' Union Local No. 592, (DiSabato Declaration, ¶7). Pursuant to the express provisions of the Labor Contract, the Company is required to submit remittance reports and pay contributions to the Funds for time worked by or paid to its covered employees on a monthly basis. (DiSabato Declaration, ¶7 and Exhibit 2).

The Labor Contract obligates the Company to pay these contributions by the tenth (10th) day of the month following the month in which the monies are accrued (Exhibit 2, Article XIII, §4, p.16). In addition, the Labor Contract provides for the assessment of 10% liquidated damages if an employer is delinquent in the payment of required contributions (Exhibit 2, Article XIII, § 5, p. 16) and interest in accordance with 29 U.S.C. §1132(g)(2) ). (Exhibit 2, Article XIII, §6, p.16).

Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. §ll45 provides:

> "Every Employer who is obligated to make contributions to a multiemployer plan...under the terms of a collectively-bargained agreement shall...make such contributions in accordance with...such agreement."

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. §ll32(g)(2). If a judgment under Section 515 is entered in the Funds' favor, then Section 502(g)(2) provides for the mandatory award of the following:

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of -

    (i)     interest on the unpaid contributions, or

    (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the Court deems appropriate.

The failure of an employer, like Company, to comply with its contractual and statutory obligations results in a substantial adverse impact on the Funds' ability to meet their legal obligations. The Funds are obligated by express mandates of the Employee Retirement Income Security Act of 1974 and by the documents and instruments by which they are administered to provide health and welfare benefits and pension credits to the Company's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b2(a)(l) and (2); Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc., 5ll F.Supp. 38 (D.Minn. 1980), aff'd sub nom, Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Company, Inc., 642 F.2d ll22 (8th Cir. 1981). The Funds are required to provide these benefits and credits regardless of whether Company makes the contributions. For example, if a covered employee of the Company has incurred a substantial hospital bill, the Welfare Fund is obligated to pay his medical expenses despite not receiving contributions from Company. The same applies to retirement benefits provided by the Funds. The result is a significant drain on the resources of the Funds.

Additionally, when an employer fails to remit its contributions the Funds lose the income that they could have earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the actuarial soundness of the Funds as well as deplete resources available to pay current health, welfare and/or retirement benefits. Furthermore, the Funds incur additional administrative expenses as a result of an employer's failure to pay its contributions. These losses and added expenses significantly impair the Funds' ability to continue to provide benefits to not only the Company's employees, but to employees of companies that have complied with their contractual obligations.

The Funds have incurred attorneys' fees and costs of $3,312.15 in connection with the collection of unpaid contributions and $4,059.18 in connection with the claim for unpaid wages through April 23, 2003. (Goldner Declaration, ¶¶3,4; Exhibit 6).

Given the clear language of the contract and obligations mandated by ERISA, this Court should not only enter judgment in the Funds' favor but order Company to file complete, proper and timely remittance reports with accompanying contributions and to make available to a designated representative of the Funds all payroll books and records to determine the precise amount of delinquent contributions due and owing and to pay the contributions which they owe. Additionally, the Court should grant the Funds judgment, including the injunctive relief requested, in accordance with the express mandates of Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

### B. DEFENDANTS SHOULD BE ORDERED TO PRODUCE THEIR RECORDS FOR AN AUDIT AND PAY ANY AMOUNTS FOUND TO BE DUE AND OWING.

The determination of an employee's benefits is made based upon information contained on the remittance report. A proper determination of eligibility is not possible if remittance reports are not submitted or if they contain incorrect information.

In order to determine whether the contributing employer has made all required contributions and correctly reported hours worked and paid to its employees, the Funds have the right to review all of the employer's records that relate to its contributory obligation. Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 105 S.Ct. 2833 (1985). The employer has the obligation to maintain appropriate records and to permit the Funds' auditors to review these records upon request. Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc., 30 F.3d 692, 695 (6th Cir. 1994). Here, the Labor Contract obligates

the Company to allow the audit. See Exhibit 2, Article XIII, §11, p 18. The scope of records

subject to review is broad, and includes those records the auditors reasonably deem necessary to

conduct the audit. DeMarco v. C & L Masonry, 891 F.2d 1236 (6th Cir. 1989). In addition to the

routine payroll records (e.g. time cards, cancelled payroll checks, payroll ledgers and payroll tax

returns), they can include the general check registers and cancelled checks, general

disbursements ledgers and federal and state corporate income tax returns. Id.

The employer's obligations under the Labor Contract and 29 U.S.C. §1145 mean nothing

if the Funds' can not insure compliance through an audit. The Court should and must order the

Company to produce its records for an audit so that a precise determination of the amount owed

can be made. Upon completion of the audit, the Court should enter a further judgment against

Company for all additional amounts found to be due and owing under the Labor Contract and

ERISA.

**C.    ENTRY OF JUDGMENT AGAINST DEFENDANTS NET
AND COLLETTI FOR UNPAID WAGES, LIQUIDATED
DAMAGES AND ATTORNEYS' FEES AND COSTS
IS ENTIRELY APPROPRIATE**

Pennsylvania requires that employers pay employees for all hours worked, and that

employers do so in a timely fashion. Under the Pennsylvania Wage Payment and Collection Law

("WPCL"), employees must receive payment for all hours worked no later than the next regular

pay period in which the wages would have been due. 43 P.S. §260. Defendant Company is an

employer within the meaning of 43 P.S. §260.2a. Defendant Colletti is President of Company

and an employer within the meaning of 43 P.S. §260.2a. The WPCL permits individual

employees, and labor unions on their behalf, to bring an action against an employer that fails to

make timely payment of wages. 43 P.S.§260.9a. The WPCL allows the successful litigant to

recover the wages due, liquidated damages for each employee of the greater of 25% of those wages or $500.00, and attorneys' fees and costs. 43 P.S. §260.10, 9a (f). It also provides for the imposition of personal liability for wages on corporate officials whose companies fail to make timely payment of wages. 43 P.S.§260.9a; <u>Tener v. Haag</u>, 697 F.Supp196 (W.D.Pa.1988); <u>Amalgamated Cotton Garmet v. J.B.C. Co. of Madera, Inc.</u>, 608 F.Supp. 158 (D.C.Pa.1985).

The unpaid wages are owed under the Labor Contract. (Fera Declaration, ¶8, Exhibit 3) The Pennsylvania Wage Payment and Collection Law "does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." <u>Weldon v. Kraft, Inc.</u>, 896 F.2d 793, 801 (3d Cir. 1990). As found in <u>Sendi v. NCR Comten,</u> 619 F.Supp. 1577, 1579 (E.D. Pa. 1985) aff'd 800 F.2d 1138 (3d Cir. 1986), it provides "additional protections" such as fees and liquidated damages to discourage employers –such as the Defendants –from simply refusing to pay wages and forcing the employees to resort to lawsuits to collect or to accept less than the amount due to them.

No amounts at issue are payable by an employee benefit plan within the meaning of 29 U.S.C. §§1002(1), (2), (3). All unpaid amounts in this action have remained unpaid for thirty (30) days beyond the date on which they were due. No good faith dispute or contest of a wage claim, right to set off or counterclaim exists between the Union or any of the employees and the employer as to any amounts at issue. Nonetheless, the employer has not paid the amounts in dispute as required by 43 P.S. §260.6.

Paychecks issued for these wages were returned for insufficient funds. Under the Labor Contract, an employer must pay a $25.00 fee to each employee for each paycheck that cannot be cashed or is returned due to insufficient funds. (Exhibit 2, Article VIII, §3, p. 13). Defendants owe $100.00 for four (4) checks returned to these employees.

The Defendants also owe $1,000.00 in liquidated damages under 43 P.S. §260.10. Under this section of the Pennsylvania WPCL, where wages remain unpaid for thirty days beyond the regularly scheduled payday and no good faith contest or dispute as to the wage claim exists, the employees, or Union making the claim on their behalf, are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater. Here, unpaid wages in the amount of $1,197.43 are due to William Blue. Twenty-five percent of this amount is $299.36, an amount less than $500.00. Defendants therefore owe $500.00 in liquidated damages for William Blue. Unpaid wages in the amount of $1,212.89 are due to George Bradley. Twenty-five percent of this amount is $303.22, an amount less than $500.00 Defendants therefore owe $500.00 in liquidated damages for George Bradley. The Defendants are also responsible for reasonable attorneys' fees and costs incurred in the pursuit of these amounts under 43 P.S. §269(a)(f).

## CONCLUSION

Accordingly, in light of the clear statutory intent of ERISA and the Pennsylvania Wage Payment and Collection Law, it is respectfully requested that this Court grant the Plaintiffs the relief requested in this Motion for Default Judgment and enter the attached, proposed Order.

Respectfully submitted,

JENNINGS SIGMOND, P.C.


By:    s/Shelley R. Goldner
            SANFORD G. ROSENTHAL (ID NO. 38991)
            SHELLEY R. GOLDNER (ID NO. 32896)
            JENNINGS SIGMOND, P.C.
            The Penn Mutual Towers, 16th Floor
            510 Walnut Street
            Philadelphia, PA 19106
            (215) 351-0611/0644

            Attorneys for Plaintiffs

Date: April 28, 2003

## CERTIFICATE OF SERVICE

I, SHELLEY R. GOLDNER, ESQUIRE, state, under penalty of perjury, that the foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants Net Construction, Inc. and Christopher Colletti was served by mailing same first class mail, postage prepaid, on the date listed below to:

Net Construction, Inc.
1130 Church Road
Wyncote, Pennsylvania 19095

and

Christopher Colletti
1130 Church Road
Wyncote, Pennsylvania 19095

The foregoing Motion has been filed with the Court electronically and is available for viewing and downloading from the ECF system.

_____s/Shelley R. Goldner_____
SHELLEY R. GOLDNER, ESQUIRE

Date: April 28, 2003

113569-1

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592   :
PENSION FUND, et al.   :
   :
         Plaintiffs   :    CIVIL ACTION
   v.   :    NO. 02-CV-4715
   :
NET CONSTRUCTION, INC. and   :
CHRISTOPHER COLLETTI   :
   :
   :
         Defendants   :

### ORDER AND JUDGMENT BY DEFAULT

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of

the Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union

Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship

Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and

jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement

Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"),

Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera"), it

appears to the Court that Defendants Net Construction, Inc. ("Company" or "Net") and

Christopher Colletti ("Colletti" and jointly with Net, "Defendants") were served with process on

November 23, 2002, and have inexcusably, knowingly and willfully failed to appear, plead or

otherwise defend, and the default against Defendants having been entered, it is **ORDERED**:

    1.     Judgment is entered against Company in favor of the Plaintiffs in the amount of

$3,321.15 including:

113569-1

(a)     Unpaid contributions to be ascertained by an audit of the Company and liquidated damages under 29 U.S.C. §1132(g)(2) and 185(a) and the Labor Contract and the Fund's Rules and Regulations.

(b)     Interest through May 30, 2003 as provided by 29 U.S.C. §1132(g)(2)(B), 26 U.S.C. §6621. The contribution amount in Paragraph 1(a) shall continue to bear  interest as provided in 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

(c)     Attorneys' fees and costs incurred in the collection of unpaid contributions and enforcement of this judgment in the amount of $3,321.15 incurred through April 23, 2003 in accordance with 29 U.S.C. §1132(g)(2)(D).  In addition, Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment, including those incurred in the collection of delinquent contributions and other amounts owing which may be found to be due as a result of the audit provided for in paragraph three (3) and four (4) of this order.

2.     Company, its owners, officers, agents, servant, attorneys, and all persons acting on their behalf or in conjunction with the Company, shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Company is obligated to do so under its collective bargaining agreement(s).

3.     Within twenty (20) days of the entry of this Order Company shall make available to the designated representative of the Funds, within fifteen (15) days of request by the Funds or their agents, all payroll books and related records of Company necessary for the Funds to

ascertain the precise amount of delinquent contributions due and owing for the period from June 1998 to and including the date of the audit.

4.      If additional delinquencies are discovered pursuant to the submission of the remittance reports or audit referred to above, or as a result of additional information that becomes available to the Plaintiffs, Plaintiffs may apply to this Court for a Final Judgment by Default reflecting any additional delinquencies, interest, liquidated damages and attorneys' fees and costs pursuant to ERISA, 29, U.S.C. § 1132(g)(2).

5.      Judgment is entered against Company and Colletti, jointly and severally, in the amount of $7,569.50 including:

   (a)      Unpaid wages in the amount of $2,410.32 under 43 P.S. §260.

   (b)      Returned check fees in the amount of $100.00 under the Labor Contract.

   (c)      Liquidated damages of $1,000.00 under 43 P.S. §260.10.

   (d)      Attorneys' fees and costs incurred in the collection of the unpaid wages and the enforcement of this judgment in the amount of $4,059.18 incurred through April 23, 2003 in accordance with 43 P.S. §260.9a. In addition, Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment.

6.      This Order and Judgment in enforceable, without duplication, by the Plaintiffs, or their agents.

BY THE COURT

Dated: _____          By: _____
                                       PETRESE B. TUCKER,               J.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592  :
PENSION FUND, et al.  :
 :
     Plaintiffs  :   CIVIL ACTION
  v.          :   NO. 02-CV-4715
  :
NET CONSTRUCTION, INC. and  :
CHRISTOPHER COLLETTI  :
 :
 :
     Defendants  :

## DECLARATION OF ANTHONY DiSABATO

Anthony DiSabato, states, under penalty of perjury that the following is true and correct.

1. My name is Anthony DiSabato and my business address is Cement Masons' Union Local No. 592 Welfare and Pension Funds, 2501 Snyder, Philadelphia, Pennsylvania 19145.

2. I am the Administrator of the Cement Masons' Union Local No. 592 Welfare Fund, Cement Masons' Union Local No. 592 Pension Fund, General Building Contractors Association, Inc. Industry Advancement Program, Cement Masons' Union Local No. 592 Political Action Committee and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund ("Welfare Fund", "Pension Fund", "IAP", "PAC" and "Apprenticeship Fund" and jointly "Funds") and am authorized to make this Declaration on behalf of the Funds.

3. I have been Administrator of the Funds since July 1, 1995. Prior to that time I served as Vice President and Business Agent for Cement Masons' Union Local 592 of

113569-1

EXHIBIT
1
ALL-STATE LEGAL®

Philadelphia, PA from January 1, 1995 to June 30, 1995. I am trained and experienced in all

aspects of the employee benefits field including those areas relating to contributions due

employee benefit plans and the interpretation of collective bargaining agreements requiring such

contributions.

4.    As Administrator of the Funds, I am charged with keeping and maintaining

records of contributions received by the Funds; and maintaining individual records of each

person, firm and corporation required to make such contributions to the Funds.

5.    I have personal knowledge of the contents of the collective bargaining agreement

and the Agreement and Declarations of Trust referred to in the Complaint of the Funds

previously filed in this case.

6.    The Funds, as part of their normal operating procedure, maintain files containing

copies of all remittance reports submitted by contributing employers, and all correspondence sent

to the company from the Union. Additionally, records are maintained of all contributions which

are paid to the Funds by each contributing employer. This file indicates the name of the

contributing employer, his account number with the Funds, the amount paid, the date it was paid

and the month or months to which the payment was credited. The Funds' records also include

the names and social security numbers of each covered employee employed by that employer.

7.    My review of the regular business records and files maintained by the Funds

shows that Net Construction, Inc. ("Company" or "Net") is party to a collective bargaining

agreement signed April 5, 1994 ("Labor Contract") with Cement Masons' Union Local No. 592

("Union"). The Labor Contract provides for the payment of contributions to the Funds for time

worked by or paid to employees who perform work covered by the terms and conditions of the

Labor Contract. The Labor Contract also permits the Funds to audit the Company's books and

113569-1                                                2

records to determine the contributions due the Funds. The Company remains bound through the current terms of the Labor Contract. A true and correct copy of the Labor Contract is attached to the Motion as Exhibit 2.

8.    My review of the regular business records and files maintained by the Funds show that the Company has failed to submit all of the contractually-required remittance reports and has refused to permit a contribution compliance audit as required under the Labor Contract. See Exhibit 2, Article XIII,§2, p.15, §11, p.18..

9.    I have executed this Declaration in support of the Motion of Plaintiffs for Default Judgment against Net and Christopher Colletti, and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  4-25-03

ANTHONY DiSABATO

113569-1                                       3

AGREEMENT WITH
PLASTERERS AND CEMENT MASONS UNION, LOCAL NO. 592

PLASTERERS AND CEMENT MASONS UNION, LOCAL UNION NO. 592 ("Union") and the Undersigned Employer agree that:

1.    The Employer hereby recognizes the Union as the sole and exclusive collective bargaining representative of all of its employees performing work within the work and geographic jurisdiction of the Union.

2.    The Employer recognizes and agrees that the Union is signatory to currently-effective collective bargaining agreements with various Employer Associations setting forth the wages, hours and other terms and conditions of employment of employees within designated portions of the Union's geographic jurisdiction.

3.    The Employer shall be, and is hereby, bound by all of the terms and conditions of employment contained in all collective bargaining agreements between the Union and The Employer Associations governing the employee's terms and conditions of employment in each of the particular geographic areas where the below-named Employer shall hereafter perform work within the Union's work jurisdiction that are effective on the date of this Agreement as well as any additions, modifications, extensions and renewals thereof between the Union and the various Employer Associations as may occur subsequent to the execution of this Agreement.

4.    This agreement shall be effective as of the date set forth below and shall remain in full force and effect for the duration of the above-described collective bargaining agreements between the Union and the Employer Associations that are effective on the date of this Agreement and for the duration of any addition, modification or renewal thereof until one party shall provide to the other written notice by certified or registered mail of intent to terminate the then-current agreement at its stated expiration that shall actually be received by the other party not later than sixty (60) days prior to the stated expiration date of that then-current Agreement.

PLASTERERS AND CEMENT MASONS
UNION, LOCAL UNION NO. 592                 _NET CONSTRUCTION, INK,_
                                           Insert Full Name of Employer

BY: _Jack De Lisi_                         _____
    JACK DELISI                            SIGNATURE OF AUTHORIZED
    PRESIDENT/BUSINESS MANAGER             EMPLOYER REPRESENTATIVE

DATE: _4-5-9y_                             _1508  S  Newman LN._
                                                    ADDRESS

                                           _Lynnmoor  PA  15118_
                                           CITY      STATE    ZIP

                                           PHONE NO. _215-856-5297_

                                           Tax I.D. # _03-2750932_

EXHIBIT
2

ALL-STATE LEGAL®

# INDEPENDENT CONTRACTOR
# COLLECTIVE BARGAINING AGREEMENT



## WITH

## CEMENT MASONS AND PLASTERERS UNION
## LOCAL 592

**An Affiliate Of The
Operative Plasterers and Cement Masons
International Association
Of The United States and Canada**



# TABLE OF CONTENTS

**ARTICLE I**
PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
GOVERNING PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
DURATION AND TERMINATION OF AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . 2
DEFINITION OF EMPLOYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
WORK PRESERVATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**ARTICLE II**
JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**ARTICLE III**
UNION SECURITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
DISCHARGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
QUALIFICATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
NONDISCRIMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
COLLECTION OF DUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**ARTICLE IV**
NORMAL WORK DAY AND TIME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
WORK WEEK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
SHIFT WORK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
SWING RATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
TRAVEL TIME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
OVERTIME HOURS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
HOLIDAYS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
REPORTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
GUARANTEED EIGHT HOUR PAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
STARTING TIME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
LAYOFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
TOOL HOUSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**ARTICLE V**
FOREMEN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**ARTICLE VI**
APPRENTICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**ARTICLE VII**
WAGE RATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
OVERTIME RATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**ARTICLE VIII**
METHOD OF PAYING WAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**ARTICLE IX**
STEWARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**ARTICLE X**
BUSINESS REPRESENTATIVES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**ARTICLE XI**
HEALTH AND WELFARE FUND AND INDUSTRY ADVANCEMENT PLAN . . . . . . . . . 15

**ARTICLE XII**
PENSION FUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**ARTICLE XIII**
DELINQUENCY AND COLLECTION PROCEDURE . . . . . . . . . . . . . . . . . . . . . . . 15

**ARTICLE XIV**
SUBCONTRACTING OF JOB-SITE WORK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**ARTICLE XV**
DISPUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**ARTICLE XVI**
MISCELLANEOUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**ARTICLE XVII**
FIELD DUES CHECKOFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**ARTICLE XVIII**
POLITICAL ACTION COMMITTEE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**ARTICLE XIX**
LABOR SAVING MACHINERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**ARTICLE XX**
ALCOHOL AND DRUGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

II

# ARTICLE VII
## WAGE RATES

**Section 1.**  The minimum hourly wage rate for Cement Masons/Plasterers shall be determined in accordance with the geographic area in which the labor was rendered and shall be as set forth in the attached Appendix.

### HAZARDOUS WORK

**Section 2.**  On hazardous waste removal work, on a state or federally designated hazardous waste site, where the Cement Mason/Plasterer is in direct contact with hazardous material and when personal protective equipment is required for respiratory, skin and eye protection, the Cement Mason/Plasterer shall receive the hourly wage plus an additional twenty percent (20%) of that wage.

### OVERTIME RATES

**Section 3.**

a.  The overtime premium shall be determined in accordance with the geographic area in which the labor was rendered and shall be as set forth in the attached Appendix.

# ARTICLE VIII
## METHOD OF PAYING WAGES

**Section 1.**  Subject to the provisions of this Article, Employees shall be paid on the job no later than the end of the regularly-scheduled pay day.  When Employees are obligated to wait for their wages to be paid by their Employer, such waiting time shall be paid at straight time rate of pay to a maximum of eight hours per calendar day (including weekends) until said monies are actually received by the Employee.  This sentence shall not apply to the withholding of the final paycheck pursuant to the provisions of this Article.  Wages shall be paid in United States currency unless suitable arrangements are made for the expeditious cashing of checks by Employees at no expense to them.

**Section 2.**  An itemized statement bearing the name of the Employer shall be included in pay envelope or upon check stub.  Said statement shall show gross income, deductible items, the name and address of the Employer, the signature of an authorized representative of the Employer and the net amount.  This statement or check stub to be retained by Employee.

**Section 3.**  In addition to any other provision of this Agreement, an Employer shall pay a Twenty-Five Dollar ($25.00) fee to each employee for each paycheck that cannot be cashed or is returned due to insufficient funds.

# ARTICLE IX
## STEWARDS

**Section 1.  Duties of the Steward.**  The Union shall appoint a Steward for each job. The Steward shall examine all working cards at such times as he deems necessary.  He shall be permitted a reasonable time to perform his duties.  The Steward shall be the last employee to be laid off.

**Section 2.**  It shall be the duty of a steward to record and report to the proper agent of the Employer all injuries and accidents.  He shall remain with any victim of an injury until professional care is available.

**Section 3.**  The duties of a steward shall include the notification of the Business Representative of any work that is not performed in a workmanlike manner.

**Section 4.**  A steward may endeavor to adjust grievances, if possible, but shall not take upon himself the obligation to stop work or strike a job because of a grievance.  He shall notify the Business Representative of the existence of a grievance and be guided by his advice and instruction.

# ARTICLE X
## BUSINESS REPRESENTATIVES

**Section 1.**  Business Representatives of the Union shall be allowed to visit on the job at any time, provided there is no interference with Employees doing their work.

**Section 2.**  The Employer shall provide the Business Representative of the Union with the names and hours worked of Employees, if requested.

# ARTICLE XI
## HEALTH AND WELFARE FUND AND INDUSTRY ADVANCEMENT PLAN

**Section 1.**  The Employer shall, on or before the tenth day following the end of each payroll week, pay to the Cement Masons Local Union No. 592 Health and Welfare Fund, or to such other fiduciary as shall be from time to time designated by the Union (any of which is hereinafter referred to as the "Depository" or "Trustee"), a sum for each hour (whether regular time or overtime) for which wages or any type of compensation payable (under this Agreement) are payable during such payroll week to any employee, as the term Employee is defined in this Agreement.  Each such hour is hereinafter referred to as an "hour worked."  Their hourly sum shall be determined in accordance with the geographic area in which the labor was rendered and shall be as set forth in the attached Appendix.

14

**Section 2.** The Health and Welfare Fund shall be administered and maintained pursuant to an Agreement and Declaration of Trust between the Union and the Contractor Associations as stated in Appendix B to which the Employer assents to be bound and well as to all amendments or modifications thereto that may hereafter be made by the parties.

**Section 3.** The Employer shall contribute to the Industry Advancement Program as herein established an amount for each hour worked by each Journeyman (including foreman) and apprentice employed by said employers. Said contribution shall be made in the same manner and time as the employer's contribution to the Health and Welfare Fund as heretofore provided herein. The sum to be thus contributed shall be determined in accordance with the geographic area in which the labor was rendered and shall be as set forth in the attached Appendix.

# ARTICLE XII

## PENSION FUND

**Section 1.** the Employer shall, on or before the tenth day following the end of each payroll week, pay to the Cement Masons Local Union No. 592 Pension Fund, or to such other fiduciary as shall be from time to time designated by the Union (any of which is hereinafter referred to as the "Depository" or "Trustee"), a sum for each hour (whether regular time or overtime) for which wages or any type of compensation payable (under this Agreement) are payable during such payroll week to any employee, as the term Employee is defined in this Agreement. Each such hour is hereinafter referred to as an "hour worked." The hourly sum shall be determined in accordance with the geographic area in which the labor was rendered and shall be as set forth in the attached Appendix.

**Section 2.** The Pension Fund shall be administered and maintained pursuant to an Agreement and Declaration of Trust between the Union and the various Contractors Association as stated in Appendix B to which the Employer assents to be bound and well as to all amendments or modifications thereto that may hereafter be made by the parties.

# ARTICLE XIII

## DELINQUENCY AND COLLECTION PROCEDURE

**Section 1.** The provisions of this Article shall apply with equal force and effect to the obligations set forth in this Agreement regarding contributions to the Joint Apprentice Committee, the Health and Welfare Fund, the Industry Advancement Plan, the Pension Fund, the Field Dues Check-off and the Political Action Committee.

**Section 2.** All payments shall be remitted to the depository designated herein on Report Forms designated, as appropriate, by the funds or Union. In the event that the remittance report accompanying any payment made to the Depository shows that the full sum as therein required is not paid, or is not intended to be paid, then the Depository shall dispose of said payment by distributing to each party such portion of the remittance in proportion to the fraction that each such recipient's hourly remittance bears to the total hourly remittance required by this Agreement.

15

**Section 3.**  To the extent that an employee has not performed Covered Employment during the reporting period, the Employer shall so advise the Funds of that fact in the time and by the method other wise provided for the remittance of contributions herein.

**Section 4.**
**(A).**  Except as otherwise specifically provided herein, payments not received by the 10th day following the payroll week which the Report covers shall be considered "delinquent" for purposes of this Agreement.
**(B).**  If the Trustees of the respective Funds, in their sole discretion, determine that an Employer has a satisfactory record of timely payments, the Trustees may notify such Employer in writing that his payments into the respective Funds will be required by the 15th day following the end of each calendar month, which shall be the "Due Date."

**Section 5.**  Payments received by the Fund or Union after the due date shall automatically incur and shall include a liquidated damages charge equal to ten percent (10%) of the gross amount due each Fund or Union if submitted after the due date.

**Section 6.**  In addition to the liquidated damages charge provided for above, the alleged failure of the Employer to make payments when due or payments received after the due date shall subject the Employer to one or more of the following actions:

**(A).**  As otherwise described in this Agreement, the Union shall have the right to withhold employees covered by this Agreement until all sums due (including liquidated damages) are paid.  If such action shall, in the discretion of the Union, prove necessary or desirable, the employees whose labor is thus withheld, shall be paid their wages and fringe benefits for all time lost pending payments by the Employer as provided in this Agreement.

**(B).**  The appropriate Funds and/or Union may institute formal collection proceedings that may include, but are not limited to the institution of legal action against the Employe, to secure, and if necessary, to compel payment of the monies described herein.  In the event that an Employer is delinquent in the payment of contributions, the Employer shall pay (in addition to the principal sums due and the ten percent (10%) liquidated damages) interest calculated in accordance with ERISA, all costs of suit (including reimbursement for Fund administrative time) and attorneys' fees and costs, regardless of whether suit or other formal proceedings are instituted.

**(C).**  The Employer shall also be responsible for all claims paid by the Health and Welfare Fund on behalf of all employees on whose behalf contributions are due during the pendency of the delinquency, regardless of whether the delinquency is ultimately paid.

**Section 7.**  The Employer shall, simultaneous with the remittance of monies described

16

herein, transmit to said Depository, a report containing (1) the names and Social Security numbers of the persons to whom this Agreement is applicable, who have been in the employ of the Employer during such payroll week; (2) the number of hours during said payroll week for which wages or any type compensation are payable under this Agreement; and (3) such other payroll information as the Boards of Administration of the Funds herein provided for may reasonably require for the proper administration of said Funds.

### Section 8.  Surety Bonds.

**(A).**  The payments to be made and, where appropriate, monies to be withheld, as provided in this agreement to the Joint Apprentice Committee, the Health and Welfare Fund, the Industry Advancement Plan, the Pension Fund, the field Dues check off and the Political Action Committee shall, in addition to the other remedies provided herein, be guaranteed and secured by requiring the Employer to guarantee or secure the faithful making of such payments by the deposit of Thirty Thousand dollars ($30,000.00) in cash with the Trustee or by the Bond of a recognized and responsible corporate surety.

**(B).**  Such Employer shall upon certification to him and to the Union by the Trustee, that such employer or other employer is in default int he payments required of him by this Agreement, furnish further corporate surety to assure payments required under this Agreement by such Employer to an amount of Thirty Thousand dollars ($30,000.00) over and above the amount of such payments in default, or, in the alternative, shall deposit with the Trustee as collateral security for the faithful performance of his own Bond assuring said payments, a further amount in cash or in securities acceptable to the Trustee, sufficient to restore such collateral security to an amount of thirty Thousand dollars ($30,000.00).

**Section 9.**  Prior to entering into any subcontract for work covered by this Agreement, the Employer will verify with the Fund that the proposed subcontractor has a signed Agreement and has posted the fringe benefit bond required under this Agreement.  After the employer has contacted the Fund, the fund will inform the Employer in writing within 72 hours if the proposed subcontractor does not have a fringe benefit bond, and/or an Agreement.  The employer will not enter into a subcontract until the subcontractor has posted a bond and signed an Agreement.  The failure of the Employer to comply with this Section 9, will require the Employer to be primarily responsible for all Wages and Fringe Benefits of a sub-contractor who does not have a Bond and/or Agreement with the Union.

The Employer agrees that, upon written notice from the Fund that its subcontractor is delinquent in the payment of fringe benefits on his particular project, the Union, the subcontractor, and the Employer shall meet to resolve said delinquency.  In the event that satisfactory arrangements to collect the delinquency are not made, a jointly payable check in the amount of said delinquency shall be issued to the Funds by the Employer. This will not preclude the Union from exercising its rights provided in Article 14.

**Section 10.**  Estimated payments in advance for all payments (except wages) required

under this Agreement will be made by the Employer if it has failed to demonstrate in the sole and exclusive judgment of the Union, a current record of timely payments with the Funds.

**Section II.**  The Employer shall also, upon request of any agent or designee of the Funds of Union, permit such agent during regular business hours to inspect and make copies of any and all records of the Employer, including but not limited to those records pertaining to compensation paid to employees, federal tax returns, unemployment compensations returns and other records, disbursements journals of any nature and all other records of any nature or character whatsoever (including those of any individual who the Fund or Union believes may be subject to the Employer's contributory requirement) potentially relevant, in the judgment of the agent described hereinbefore, to, and of assistance in determining whether the Employer's obligations hereunder to make payments to the Depository have been faithfully performed.  If such inspection and/or audit reveals the Employer failed to make such payments in full, the Employer shall be required to pay for the cost of such inspection and/or audit at the rate of at least One Hundred Dollars ($100.00) per day or the actual cost thereof, whichever is greater, as well as any additional monies provided for herein.

# ARTICLE XIV

## SUBCONTRACTING OF JOB-SITE WORK

The Employer agrees that he will not subcontract any work which is covered by this Agreement that is to be done at the site of any job to which this
Agreement is applicable, except to a contractor bound by the terms of this Agreement, or to another Agreement with this Union.

# ARTICLE XV
## DISPUTES

**Section 1.**  The following shall be the procedure to be followed with respect to all disputes of any nature whatsoever which may arise between the parties hereto or their individual members:

(a).  If the dispute affects or arises on a particular job or operation, an attempt shall be made to settle it by discussion between the Foreman and or the Superintendent on the job or operation and or the Union's Business Representative for the area in which the job or location is located, on the other hand.

(b).  If the discussion provided for in paragraph (I) above is not held, or if it does not result in a prompt settlement of the dispute, an attempt shall be made to settle the dispute by discussion between the Employer and/or the Superintendent on the job or operation, on the one hand and the President of the Union and/or the Business Representative aforesaid, on the other hand.

18

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592 PENSION FUND, et al. | : |
| Plaintiffs | : CIVIL ACTION |
| v. | : NO. 02-CV-4715 |
| NET CONSTRUCTION, INC. and CHRISTOPHER COLLETTI | : |
| Defendants | : |

### DECLARATION OF MICHAEL FERA

Michael Fera states under penalty of perjury that the following is true and correct:

1. My name is Michael Fera and my business address is 2511 Snyder Avenue, Philadelphia, PA 19145.

2. I am the President and Business Manager of Plaintiff, Cement Masons and Plasterers Union, Local No. 592 ("Union") and am authorized to make this Declaration on behalf of the Union. I have been President and Business Manager for the Union since May 1994. As President and Business Manager my duties include negotiating and enforcing the collective bargaining agreements between the Union and signatory employers.

3. As President and Business Manager of the Union, I am charged with keeping and maintaining records received by the Union and maintaining individual records for each company that has a collective bargaining agreement with Union.

4. I have personal knowledge of the contents of the collective bargaining agreement referenced in the Union's Complaint previously filed in this case.

5. The Union, as part of its normal operating procedure, maintain files containing copies of the collective bargaining agreements signed by each employer.

113569-1

EXHIBIT
3
ALL-STATE LEGAL®

6.  My review of the regular business records maintained by the Union reveals that Net Construction, Inc., ("Company" or "Net"), is party to a collective bargaining agreement ("Labor Contract") with the Union.  The Labor Contract was executed on April 5, 1994.  A true and correct copy of the Labor Contract is attached as Exhibit "2".

7.  The Labor Contract provides for the timely payment of wages for Union members performing work covered by the Labor Contract, with wage rates varying in accordance with geographic area, as set forth in the Labor Contract.  (Exhibit 2, Article VIII, p. 13).

8.  My review of the regular business records maintained by the Union reveals that Net has not paid wages due to employees represented by the Union under the Labor Contract in the amount of $2,410.32.

The Union members, pay periods and amounts owed are listed below:

| Names | Time Period | Amount |
|---|---|---|
| George Bradley | May 2002 | $661.48 |
| | May 2002 | $551.41 |
| William Blue | May 2002 | $552.13 |
| | May 2002 | $645.30 |

Copies of the paychecks returned for insufficient funds are attached as Exhibit 4.

9.  I have executed this Declaration in Support of the Motion of Plaintiffs for Default Judgment against Net and Christopher Colletti and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 4-25-03

_Michael Fera_
MICHAEL FERA

113569-1                                    2

**NET CONSTRUCTION, INC.**
475 OLD YORK RD., 2ND FLOOR
JENKINTOWN, PA 19046

FIRSTRUST

PAYROLL CHECK

3-7380
2360

057018

Pay:    ***********************Five hundred fifty-five dollars and 41 cents

RETURNED FOR NON-SUFFICIENT FUNDS
UNLESS OTHERWISE NOTED BELOW

CHECK NO. 057018

5/31/2002

JUN 0 6 2002

AMOUNT

$*****555.41**

PAY
TO THE
ORDER
OF

GEORGE M. BRADLEY, SR
6660 ERDRICK ST
PHILADELPHIA, PA 19135

☐ CLOSED    ☐ 2 SIGN'S REQ.
☐ STOP PAYMENT  ☐ FIRST TO MAKER
☐ NOT ON FILE   ☐ OTHER    ☐

AUTHORIZED SIGNATURE

⑈057018⑈ ⑆236073801⑆ 70 2202433⑈06 0032 ⑈000005554⑈

150185563 100 01 0002 0245

---

**NET CONSTRUCTION, INC.**
475 OLD YORK RD., 2ND FLOOR
JENKINTOWN, PA 19046

FIRSTRUST

PAYROLL CHECK

3-7380
2360

057017

Pay:    *************************Six hundred sixty-one dollars and 48 cents

RETURNED FOR NON-SUFFICIENT FUNDS
UNLESS OTHERWISE NOTED BELOW

JUN 0 6 2002

CHECK NO. 057017

5/31/2002

AMOUNT

$*****661.48**

PAY
TO THE
ORDER
OF

GEORGE M. BRADLEY, SR
6660 ERDRICK ST
PHILADELPHIA, PA 19135

☐ CLOSED    ☐ 2 SIGN'S REQ.
☐ STOP PAYMENT  ☐ FIRST TO MAKER
☐ NOT ON FILE   ☐ OTHER TO MAKER

AUTHORIZED SIGNATURE

⑈057017⑈ ⑆236073801⑆ 70 2202433⑈06 0032 ⑈000006148⑈

150185565 100 01 0002 0245

EXHIBIT
4
ALL-STATE LEGAL®





**FIRST** **UNION**

**FIRST UNION NATIONAL BANK**
SVC 761 - PHILADELPHIA

Date: Jun 7, 2002    Advice D-617314    Acct: 075200003677721t

A fee associated with this service will
be reflected in your current account
analysis statement. The listed items
are enclosed. You may obtain payment
from the maker.

SEQ#    ITEM AMOUNT
35663    552.13

LENNON'S BAR INC
721 LONG LANE
STONEHURST HILLS
UPPER DARBY PA 19082 5323

1 item(s) charged totaling $552.13

Advice Total $552.13

⑈4023331498⑈    ⑆00003677721t⑆    ⑈00006673144⑈

**FIRST UNION NATIONAL BANK**
1-800-275-3862

**Date:** Jun 17, 2002    Advice D-582445

**Acct** 0752000036777211

SEQ # 25244    ITEM AMOUNT 645.30

A fee associated with this service will
be reflected in your current account
analysis statement. The listed items
are enclosed. You may obtain payment
from the maker.

LENNON'S BAR INC
721 LONG LANE
STONEHURST HILLS
UPPER DARBY PA 19082 5323

1 item charged totaling $645.30

Advice Total: $645.30

⑆402333298⑆    ⑈00 2000036777211⑈    ⑇000058 2445⑇

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592   :
PENSION FUND, et al.   :
  :
               Plaintiffs   :     CIVIL ACTION
     v.   :     NO. 02-CV-4715
  :
NET CONSTRUCTION, INC. and   :
CHRISTOPHER COLLETTI   :
  :
  :
               Defendants   :

### <u>DECLARATION OF SHELLEY R. GOLDNER, ESQUIRE</u>

Shelley R. Goldner, Esquire states, under penalty of perjury that the following is true and correct.

1.      I am employed as an associate with the Law Firm of Jennings Sigmond.

2.      Attached to this Motion as Exhibit 6 is a computerized billing list showing all work performed by the office of Jennings Sigmond and related costs in connection with the collection of the contributions and wages at issue in this action through April 23, 2003. The computerized listing is prepared from contemporaneous attorney time and expense records, the originals of which are maintained in the regular business records and files of Jennings Sigmond. The identity of those performing services connected with this matter are:

| Initials | Name | Title |
|---|---|---|
| MLG | Marc L. Gelman | Attorney |
| SRG | Shelley R. Goldner | Attorney |
| CTM | Cathy T. Morton | Paralegal |



3.  Based upon my review of Exhibit 6, the Funds have incurred attorney's fees and costs of $3,321.15 in this matter with regard to delinquent contributions.

4.  Based upon my review of Exhibit 6, the Funds have incurred attorney's fees and costs of $4,059.18 in this matter with regard to unpaid wages.

5.  I have executed this Declaration in support of the Motion of Plaintiffs for Default Judgment against Net Construction, Inc. and Christopher Colletti and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  April 28, 2003          s/Shelley R. Goldner
                                      SHELLEY R. GOLDNER, ESQUIRE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592 :
PENSION FUND, et al. :
 :
    Plaintiffs :  CIVIL ACTION
 v. :  NO. 02-CV-4715
 :
NET CONSTRUCTION, INC. and :
CHRISTOPHER COLLETTI :
 :
 :
    Defendants :

## JENNINGS SIGMOND ATTORNEYS' FEES –APRIL 2003

| Date | Attorney | Task | Time |
|------|----------|------|------|
| 04/03/03 | SRG | Phone Conference with Judge Waldman's clerk re: case status | 0.1 |
| 04/07/03 | SRG | Review Court Order reassigning case | 0.1 |
| 04/08/03 | SRG | Preparation of Motion for Default<br>Preparation of Supporting Affidavits<br>Preparation of Memorandum of Law | 3.5 |
| 04/09/03 | SRG | Review and Revision of Motion for Default<br>Preparation of Supporting Affidavits<br>Review of Memorandum of Law | 2.3 |
| 04/10/03 | SRG | Review and Revision of Motion for Default<br>Supporting Affidavits, Brief | 1.2 |
| 04/11/03 | SRG | Phone conference with A. DiSabato<br>Review of CBA regarding Motion<br>Review and Revision of Motion for Default Judgment,<br>Supporting Affidavits, Memorandum<br>Conference with Attorney S. Rosenthal | 1.2 |
| 04/14/03 | SRG | Phone conference with A. DiSabato re: wage claim,<br>bounced checks, audit<br>Review and Revision of Motion for Default Judgment | 0.6 |

113569-1



EXHIBIT

_6_

| 04/15/03 | SRG | Review of Correspondence from A. DiSabato re: wage claim, bounced checks | 0.1 |
|---|---|---|---|
| 04/21/03 | SRG | Phone Conference with A. DiSabato re: wage claim documentation | 0.2 |
| 04/22/03 | SRG | Phone conference with A. DiSabato re: wage claim documentation. Review of correspondence from A. DiSabato re: bounced checks | 0.3 |
| 04/23/03 | SRG | Legal research re: statutory damages<br>Phone conference with A. DiSabato re: audit dates; preparation of supporting affidavits,<br>Letter to A. DiSabato re: delinquency affidavit<br>Letter to M. Fera re: wage claim affidavit preparation of Exhibits | 1.7 |
| 04/25/03 | SRG | Phone conference with A. DiSabato re: audit, affidavits | 0.1 |

**Total**                                                                                 **11.3**

SRG    11.3 hrs x $ 210. per hr.    =    $2,373.00

**Grand Total**        =        **$7,371.33**

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23560-001 SGR
Bill date    07/10/02

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Net Construction, Inc.    (23560)

FOR PROFESSIONAL SERVICES RENDERED

06/14/02 MLG   Phone Conference with A. DiSabato regarding Net
               Construction Delinquency
               Review of Documents from Fund
                                    .30 hrs  185  /hr      55.50
06/18/02 MLG   Phone Conference with A. DiSabato regarding
               Robinson Wages
                                    .20 hrs  185  /hr      37.00
06/19/02 MLG   Computer Research regarding Company
               Status/History
               Preparation of Complaint
                                   1.50 hrs  185  /hr     277.50
06/26/02 MLG   Phone Conference with A. DiSabato regarding CBA
                                    .20 hrs  185  /hr      37.00
                                                     -----------
               TOTAL FEES                      $         407.00

DISBURSEMENTS

                                                     -----------
               TOTAL DISBURSEMENTS             $             .00

BILLING SUMMARY

               TOTAL FEES                      $         407.00
                                                     -----------
               TOTAL CHARGES FOR THIS BILL     $         407.00

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23560-002 SGR
Bill date    08/09/02

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Net Construction, Inc.    (23560)

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | | | | Amount |
|------|------|-------------|------|------|------|--------|
| 07/01/02 | MLG | Review of Correspondence from Fund<br>Phone Conference with Attorney DiSabato regarding<br>employer association<br>Review and Revision of Complaint | | | | |
| | | | .40 hrs | 185 | /hr | 74.00 |
| 07/16/02 | MLG | Final revisions of Complaint and prepare for<br>filing | | | | |
| | | | .10 hrs | 185 | /hr | 18.50 |
| 07/16/02 | CTM | Preparation of Complaint for Court Filing | | | | |
| | | | .20 hrs | 85 | /hr | 17.00 |
| 07/18/02 | CTM | Review of Documents from Court (x3) | | | | |
| | | | .10 hrs | 85 | /hr | 8.50 |
| 07/19/02 | MLG | Review of Court Filing Notice and Summons | | | | |
| | | | .10 hrs | 185 | /hr | 18.50 |
| 07/22/02 | MLG | Phone Conference with Clerk of Courts regarding<br>Filing Problems | | | | |
| | | | .20 hrs | 185 | /hr | 37.00 |

```
                                                      -----------
             TOTAL FEES                         $        173.50
```

DISBURSEMENTS

07/31/02 COPY Photocopies                                 6.37
```
                                                      -----------
             TOTAL DISBURSEMENTS                $          6.37
```

BILLING SUMMARY

```
             TOTAL FEES                         $        173.50

             TOTAL DISBURSEMENTS                $          6.37
                                                      -----------
             TOTAL CHARGES FOR THIS BILL        $        179.87
```

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23560-003 SGR
Bill date   09/10/02

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Net Construction, Inc.   (23560)

FOR PROFESSIONAL SERVICES RENDERED

```
08/20/02 MLG   Review of File regarding service
               Phone Conference with Talone regarding service
               problems
                                    .30 hrs  185  /hr    55.50
08/20/02 MLG   Phone Conference with Talone regarding service of
               complaint, alternate addresses
                                    .20 hrs  185  /hr    37.00
                                                    -----------
               TOTAL FEES                      $        92.50
```

DISBURSEMENTS

```
08/01/02 FF    Filing Fee - US District Court         150.00
08/31/02 PO    Postage Charges                          1.29
                                                  -----------
               TOTAL DISBURSEMENTS             $       151.29
```

BILLING SUMMARY

```
               TOTAL FEES                      $        92.50

               TOTAL DISBURSEMENTS             $       151.29
                                                  -----------
               TOTAL CHARGES FOR THIS BILL     $       243.79
```

REPRINT OF BILLED DETAILS (as billed)

```
                    Bill number CM592F-23560-004 SGR
                         Bill date   10/10/02
```

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Net Construction, Inc.   (23560)

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | hrs | rate | | Amount |
|---|---|---|---|---|---|---|
| 09/03/02 | MLG | Phone Conference with A. Goldberg regarding new company information | | | | |
| | | | .20 hrs | 185 | /hr | 37.00 |
| 09/05/02 | MLG | Phone Conference with A. Golberg regarding bad addresses | | | | |
| | | Phone Conference with A. DiSabato regarding Company Status, Service | | | | |
| | | Review of File | | | | |
| | | | .30 hrs | 185 | /hr | 55.50 |
| 09/25/02 | MLG | Review of File regarding update | | | | |
| | | | .10 hrs | 185 | /hr | 18.50 |
| | | | | | | ----------- |
| | | TOTAL FEES | | | $ | 111.00 |

DISBURSEMENTS

```
                                                  -----------
           TOTAL DISBURSEMENTS                $          .00
```

BILLING SUMMARY

```
           TOTAL FEES                         $       111.00
                                                  -----------
           TOTAL CHARGES FOR THIS BILL        $       111.00
```

REPRINT OF BILLED DETAILS (as billed)


Bill number CM592F-23560-005 SGR
Bill date   11/11/02

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Net Construction, Inc.   (23560)

FOR PROFESSIONAL SERVICES RENDERED

10/02/02 MLG  Office Conference with S. Goldner regarding
              service, dismissal
              Preparation of Letter to A. DiSabato regarding
              same
                                    .40 hrs  185  /hr     74.00
10/03/02 SRG  Office Conference with M. Gelman
                                    .20 hrs  185  /hr     37.00
                                                      -----------
              TOTAL FEES                        $        111.00

DISBURSEMENTS

                                                      -----------
              TOTAL DISBURSEMENTS                $           .00

BILLING SUMMARY

              TOTAL FEES                        $        111.00
                                                      -----------
              TOTAL CHARGES FOR THIS BILL        $        111.00

REPRINT OF BILLED DETAILS (as billed)

```
                    Bill number CM592F-23560-006 SGR
                         Bill date   12/10/02
```

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Net Construction, Inc.   (23560)

FOR PROFESSIONAL SERVICES RENDERED

| Date | Init | Description | | | | Amount |
|------|------|-------------|---|---|---|--------|
| 11/06/02 | SRG | Review of Correspondence regarding Service of Process Difficulties<br>Letter to A. DiSabato regarding Additional Addresses for Service of Complaint and Withdrawal of Complaint | | | | |
| | | | .40 hrs | 185 | /hr | 74.00 |
| 11/06/02 | MLG | Office Conference with S. Goldner regarding service, Dismissal | | | | |
| | | | .20 hrs | 185 | /hr | 37.00 |
| 11/07/02 | SRG | Review and Revision of Correspondence to A. DiSabato | | | | |
| | | | .20 hrs | 185 | /hr | 37.00 |
| 11/12/02 | SRG | Review of Correspondence from A. Goldberg (Talone) regarding Problems Serving Complaint, Deadline for Service.<br>Phone Conference with A. DiSabato regarding Same and regarding Additional Addresses for Defendants (x2)<br>Office Conference with C. Morton regarding Search for Additional Addresses | | | | |
| | | | .70 hrs | 185 | /hr | 129.50 |
| 11/12/02 | CTM | Computer Research Localtion of Christopher Colletti | | | | |
| | | | .60 hrs | 85 | /hr | 51.00 |
| 11/12/02 | MLG | Phone Conference with A. Goldberg regarding service | | | | |
| | | | .20 hrs | 185 | /hr | 37.00 |
| 11/14/02 | SRG | Review of Documents<br>Preparation of Litigation Status Report | | | | |
| | | | .40 hrs | 185 | /hr | 74.00 |
| 11/14/02 | MLG | Office Conference with S. Goldner regarding Service, Dismissal | | | | |
| | | | .20 hrs | 185 | /hr | 37.00 |
| 11/19/02 | SRG | Office Conference with C. Morton regarding Search for Valid Addresses for Service of Process | | | | |
| | | | .40 hrs | 185 | /hr | 74.00 |

REPRINT OF BILLED DETAILS (as billed)
CM592F-23560-006 SGR                                          Page    2

```
11/19/02 CTM   Computer Research Location of Christopher
               Colletti
               Computer Research Corporate Information regarding
               Same
               Office Conference S. Goldner regarding Same
               Phone Conference with Talone regarding New
               Address for Service
                                   2.30 hrs   85  /hr      195.50
11/20/02 SRG   Preparation of Motion to Extend Time for Service
               of Complaint
                                   1.90 hrs  185  /hr      351.50
11/20/02 CTM   Phone Conference with Talone regarding Service
               (x2)
               Office Conference S. Rosenthal and S. Goldner
               regarding Same
                                    .40 hrs   85  /hr       34.00
11/25/02 SRG   Review of Calendar regarding Service of Process
                                    .20 hrs  185  /hr       37.00
11/25/02 CTM   Phone Conference with A. Goldberg regarding
               Service of Complaint
               Memo to File regarding Same
               Office Conference S. Goldner regarding Same
                                    .50 hrs   85  /hr       42.50
11/26/02 SRG   Preparation of Motion
                                    .50 hrs  185  /hr       92.50
11/26/02 CTM   Review of Affidavit of Service
                                    .10 hrs   85  /hr        8.50
                                                       -----------
               TOTAL FEES                         $      1,312.00

DISBURSEMENTS

11/27/02 SP    Service of Process                         188.00
                                                       -----------
               TOTAL DISBURSEMENTS                $        188.00

BILLING SUMMARY

               TOTAL FEES                         $      1,312.00

               TOTAL DISBURSEMENTS                $        188.00
                                                       -----------
               TOTAL CHARGES FOR THIS BILL        $      1,500.00
```

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23560-007 SGR
Bill date   01/10/03

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Net Construction, Inc.   (23560)

FOR PROFESSIONAL SERVICES RENDERED

| | | | | |
|---|---|---|---|---|
| 12/04/02 CTM | Preparation of Affidavit of Service for ECF Filing and Filing of Same | | | |
| | .40 hrs   85 /hr | 34.00 |
| 12/16/02 SRG | Preparation of Motion to Extend Time to Serve. Letter to Court. | | | |
| | 1.00 hrs  185 /hr | 185.00 |
| 12/17/02 SRG | Computer Research. Review and Revision of Motion and Supporting Documents. Phone Conference with Client A. Goldberg (Talone) (2x) regarding Affidavit Corrections. Review and Analysis of Federal Rules regarding Expansion of Time for Service. | | | |
| | 4.40 hrs  185 /hr | 814.00 |
| 12/18/02 SRG | Review and Revision of Motion and Memorandum. | | | |
| | 1.00 hrs  185 /hr | 185.00 |
| 12/19/02 SRG | Review and Revision of Motion and Memorandum. Preparation for filing Same. Letter to Client regarding Same. | | | |
| | .90 hrs  185 /hr | 166.50 |
| 12/19/02 SGR | Review of Motion to Extend Service Period | | | |
| | .20 hrs  195 /hr | 39.00 |
| 12/23/02 SRG | Phone Conference with Court regarding Motion. | | | |
| | .10 hrs  185 /hr | 18.50 |
| 12/26/02 SRG | Review of Motion filed with Court. | | | |
| | .10 hrs  185 /hr | 18.50 |

TOTAL FEES                                    $    1,460.50

DISBURSEMENTS

12/31/02 COPY  Photocopies                                 9.24
12/31/02 PO    Postage Charges                             6.91

REPRINT OF BILLED DETAILS (as billed)
CM592F-23560-007 SGR                                                    Page    2

                                                                       -----------
              TOTAL DISBURSEMENTS                          $            16.15

BILLING SUMMARY

              TOTAL FEES                                   $         1,460.50

              TOTAL DISBURSEMENTS                          $            16.15
                                                                       -----------
              TOTAL CHARGES FOR THIS BILL                  $         1,476.65

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23560-009 SGR
Bill date    02/10/03

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Net Construction, Inc.    (23560)

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | | | | Amount |
|------|----|-------------|----|----|-----|--------|
| 01/07/03 | SRG | Preparation of Request to Enter Default | | | | |
| | | | .50 hrs | 210 | /hr | 105.00 |
| 01/08/03 | CTM | Preparation of Request for Default for Electronic Filing and Filing of Same | | | | |
| | | | .40 hrs | 85 | /hr | 34.00 |
| 01/08/03 | SRG | Preparation of Request to Enter Default Letter to Client regarding Same | | | | |
| | | | .50 hrs | 210 | /hr | 105.00 |
| 01/09/03 | CTM | Review of Documents from Court | | | | |
| | | | .10 hrs | 85 | /hr | 8.50 |
| 01/10/03 | CTM | Review of Documents from Court regarding Default | | | | |
| | | | .10 hrs | 85 | /hr | 8.50 |
| 01/13/03 | SRG | Review of Court Order Entering Default Against Net Construction, Inc., and Christopher Colletti | | | | |
| | | | .10 hrs | 210 | /hr | 21.00 |
| 01/20/03 | SRG | Review of Court Order Granting Motions to Extend Time for Service of Process and Finding Process Effected | | | | |
| | | | .10 hrs | 210 | /hr | 21.00 |
| 01/20/03 | MLG | Review of Judge Waldman's Order regarding Motion for Extension of Summons Office Conference with S. Goldner regarding same | | | | |
| | | | .30 hrs | 210 | /hr | 63.00 |
| 01/21/03 | CTM | Office Conference S. Goldner regarding Order | | | | |
| | | | .10 hrs | 85 | /hr | 8.50 |

|  |  |  |
|--|--|--|
| TOTAL FEES | $ | 374.50 |

DISBURSEMENTS

| 01/31/03 | COPY | Photocopies | 1.40 |
|----------|------|-------------|------|
| 01/31/03 | CRLX | Computer Research - Lexis-Nexis | 41.12 |

|  |  |  |
|--|--|--|
| TOTAL DISBURSEMENTS | $ | 42.52 |

BILLING SUMMARY

REPRINT OF BILLED DETAILS (as billed)
CM592F-23560-009 SGR                                         Page    2

                TOTAL FEES                          $        374.50

                TOTAL DISBURSEMENTS                 $         42.52
                                                        -----------
                TOTAL CHARGES FOR THIS BILL         $        417.02

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23560-010 SGR
Bill date   03/10/03

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Net Construction, Inc.   (23560)

FOR PROFESSIONAL SERVICES RENDERED

02/24/03 SRG  Phone Conference with A. DiSabato regarding
              Status; Motion for Default Judgment, Company
              Status
```
                                       .40 hrs  210  /hr     84.00
                                                           -----------
              TOTAL FEES                              $         84.00
```

DISBURSEMENTS

```
02/20/03 SP   Service of Process                              477.00
                                                           -----------
              TOTAL DISBURSEMENTS                     $        477.00
```

BILLING SUMMARY

```
              TOTAL FEES                              $         84.00

              TOTAL DISBURSEMENTS                     $        477.00
                                                           -----------
              TOTAL CHARGES FOR THIS BILL             $        561.00
```

REPRINT OF BILLED DETAILS (as billed)
CM592F-23560-ALL SGR                                        Page    1


           REPORT TOTALS

           TOTAL FEES                              4,126.00

           TOTAL DISBURSEMENTS                       881.33
                                                 -----------
                                                   5,007.33