UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CEMENT MASONS' UNION LOCAL NO. 592 PENSION FUND, et al.** | : <br> : CIVIL ACTION NO. 02-CV-4715 <br> : |
| **Plaintiffs,** | : <br> : |
| v. | : <br> : |
| **NET CONSTRUCTION, INC. and CHRISTOPHER COLLETTI** | : <br> : <br> : <br> : |
| **Defendants.** | : |

## ORDER

**AND NOW**, this 1st day of July 2003, upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"), Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera") (Doc. 7), it appears to the Court that Defendants Net Construction, Inc. ("Company" or "Net") and Christopher Colletti ("Colletti" and jointly with Net, "Defendants") were served with process on November 23, 2002, and have inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against Defendants having been entered on January 8, 2002, **IT IS HEREBY ORDERED and DECREED that**:

1.   Judgment is entered against Defendant Net Construction, Inc. in favor of the Plaintiffs in the amount of $3,321.15 including:

(a) Unpaid contributions to be ascertained by an audit of Net Construction, Inc. and liquidated damages under 29 U.S.C. §1132(g)(2) and 185(a) and the Labor Contract and the Fund's Rules and Regulations.

(b) Interest through May 30, 2003 as provided by 29 U.S.C. §1132(g)(2)(B), 26 U.S.C. §6621. The contribution amount in Paragraph 1(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

(c) Attorneys' fees and costs incurred in the collection of unpaid contributions and enforcement of this judgment in the amount of $3,321.15 incurred through April 23, 2003 in accordance with 29 U.S.C. §1132(g)(2)(D). In addition, Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment, including those incurred in the collection of delinquent contributions and other amounts owing which may be found to be due as a result of the audit provided for in paragraph three (3) and four (4) of this order.

2. Defendant Net Construction, Inc., its owners, officers, agents, servant, attorneys, and all persons acting on their behalf or in conjunction with Defendant Net, shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendant Net is obligated to do so under its collective bargaining agreement(s).

3. Within twenty (20) days of the entry of this Order Defendant Net Construction, Inc. shall make available to the designated representative of the Funds, within fifteen (15) days of request by the Funds or their agents, all payroll books and related records of Net necessary for the Funds to ascertain the precise amount of delinquent contributions due and owing for the period from June

1998 to and including the date of the audit.

4. If additional delinquencies are discovered pursuant to the submission of the remittance reports or audit referred to above, or as a result of additional information that becomes available to the Plaintiffs, Plaintiffs may apply to this Court for a Final Judgment by Default reflecting any additional delinquencies, interest, liquidated damages and attorneys' fees and costs pursuant to ERISA, 29, U.S.C. § 1132(g)(2).

5. Judgment is entered against Defendant Net Construction, Inc. and Defendant Colletti, jointly and severally, in the amount of $7,569.50 including:

    (a) Unpaid wages in the amount of $2,410.32 under 43 P.S. §260.

    (b) Returned check fees in the amount of $100.00 under the Labor Contract.

    (c) Liquidated damages of $1,000.00 under 43 P.S. §260.10.

    (d) Attorneys' fees and costs incurred in the collection of the unpaid wages and the enforcement of this judgment in the amount of $4,059.18 incurred through April 23, 2003 in accordance with 43 P.S. §260.9a. In addition, Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment.

6. This Order and Judgment in enforceable, without duplication, by the Plaintiffs, or their agents.

**BY THE COURT:**

_____
**Hon. Petrese B. Tucker, U.S.D.J.**